IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
WILLIAM REID BLACK,             )
                                )
            Plaintiff,          )
                                )
      v.                        )     1:13CV889
                                )
THE UNITED STATES ARMY, et al., )
                                )
            Defendants.         )
```

**MEMORANDUM OPINION, ORDER, AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This case comes before the Court on Plaintiff's Application for Leave to Proceed In Forma Pauperis (Docket Entry 1), filed in conjunction with Plaintiff's pro se Complaint (Docket Entry 2).[1] The Court will grant Plaintiff's request to proceed as a pauper for the limited purpose of recommending dismissal of this action, under 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim.

LEGAL BACKGROUND

"The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts 'solely because his poverty makes it impossible for him to pay or secure the costs.'" Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (quoting Adkins v. E.I. DuPont de Nemours

---

[1] Plaintiff also filed a "Petition for Writ of Habeas Corpus" (Docket Entry 2, Att. 1) and a "Show Cause Section (Attachment)" (Docket Entry 4).

& Co., 335 U.S. 331, 342 (1948)). "Dispensing with filing fees, however, [is] not without its problems. Parties proceeding under the statute d[o] not face the same financial constraints as ordinary litigants. In particular, litigants suing in forma pauperis d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 255 (4th Cir. 2004).

To address this concern, the in forma pauperis statute provides, in relevant part, that "the court shall dismiss the case at any time if the court determines that – . . . (B) the action or appeal – . . . fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2). A complaint falls short when it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."

Id.[2]  The Court may also anticipate affirmative defenses that clearly appear on the face of the complaint, such as a claim barred by the applicable statute of limitations.  Nasim, 64 F.3d at 955; Todd v. Baskerville, 712 F.2d 70, 74 (4th Cir. 1983).

## DISCUSSION

Plaintiff's Complaint names five defendants: the United States Army, current Secretary of the Army John McHugh, former Secretary of the Army Thomas White (from 2001 to 2003), Army Chief of Congressional Activities and Special Actions Rick A. Schweigert, and Captain Pulson, Plaintiff's commanding officer in the 1950s. (Docket Entry 2 at 1.)  It challenges Plaintiff's 1957 discharge from the Army as discriminatory and seeks a discharge upgrade,

---

[2] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly in dismissing pro se complaint); accord Atherton v. District of Columbia Office of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.'  But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 679, respectively)).

-3-

reinstatement, and damages. (Id. at 2-4.)[3] The Complaint contains the following factual allegations:

1) Plaintiff "was discriminated against by Capt. Pulson and subordinate[s] acting under his command and instructions" (id.);

2) Plaintiff "was brought before a disciplinary hearing board, convicted of false charges, and later [r]eleased from military duty for reasons never fully recited to him, or for a minor violation that should have resulted in company discipline (2 hour[s] extra duty) (id.);

3) Plaintiff "was misled, lied to, and intentional[ly] denied benefits that he had a right to receive over the past 55 years" (id.);

4) Plaintiff "should have been reinstated, given back his rank, his uniform, and dignity" (id.);

5) "if the [D]efendants had not[] lied, conspired[,] and [i]llegally separated the Plaintiff from the military, the [P]laintiff could have found[] work to support[] himself and his family, and some of the accusation[s] of criminal activity would not have occurred years after your Plaintiff['s] separation from the Army" (id. at 3);

---

[3] This Court previously dismissed for lack of subject-matter jurisdiction a prior complaint filed by Plaintiff which also raised matters related to his 1957 discharge. See Black v. Every, No. 1:10CV119 (M.D.N.C. Jan. 22, 2013) (unpublished).

-4-

6) "[f]or the [p]ast 50 years, the Army has maintain[ed] [Plaintiff's] records [were] destroyed in a fire at [the] Army Record Center" (id. at 2);

7) Plaintiff "was discharged Under Honorable Conditions, and the military Army [t]ried to discredit your Plaintiff by claiming otherwise" (id. at 3);

8) "Plaintiff offers statement[] and document (Exhibit B) that after investigation by the Army, [Plaintiff] should have been reinstated into the military" (id.);

9) Plaintiff has attached a "Request for Waiver of Disqualification for Enlistment" form dated December 12, 1968, with a box checked showing his discharge as "General Under Honorable Conditions" (Docket Entry 2, Ex. A at 1) and describing Plaintiff as "a good employee and citizen" based on reports from employers, city officials, and acquaintances within Plaintiff's community (Docket Entry 2, Ex. B at 1); and

10) Plaintiff seeks an "order [directing] the Army to reinstate your Plaintiff (William R. Black), [r]eturn his uniform and medals (3)[,] . . . . offer [Plaintiff] an apology, [] calculate what rank [Plaintiff] would have attained and award him monetary (money) to compensate for the los[s] he sustained during that time[,] . . . . [and] offer the Plaintiff [p]unitive damages (funds) for the [p]ains, [h]urts, and financial damages done [to] him and his family for the past 50 years" (Docket Entry 2 at 4).

As an initial matter, Plaintiff's Complaint contains no allegations against two of the five named Defendants - that is, Thomas White and Rick A. Schweigert - nor do these two Defendants appear capable of granting Plaintiff his requested relief. (See id. at 1-4.)

The United States Army provides two administrative procedures to challenge or modify a servicemember's discharge. First, the Army Discharge Review Board ("ADRB") may review and "change a discharge or dismissal, or issue a new discharge, to reflect its findings." 10 U.S.C. § 1553(b); 32 C.F.R. § 581.2. Second, the Army Board for Correction of Military Records ("ABCMR") may modify records if "necessary to correct an error or remove an injustice." 10 U.S.C. § 1552(a)(1); 32 C.F.R. § 581.3. Whereas the ADRB may consider only the type of discharge given to a servicemember, the ABCMR may review the fact of the discharge itself. See Watkins v. United States Army, 541 F. Supp. 249, 254 (W.D. Wash. 1982). In general, a servicemember must exhaust available remedies through the ADRB before seeking relief from the ABCMR. 32 C.F.R. § 581.3(d)(3); Ortiz v. Secretary of Def., 41 F.3d 738, 739 (D.C. Cir. 1994). Although servicemembers may seek judicial review of final decisions by either board, see Peppers v. United States Army, 479 F.2d 79, 83 (4th Cir. 1973); Robinson v. Resor, 469 F.2d 944, 949 (D.C. Cir. 1972), courts may consider only whether the board's decision is arbitrary and capricious, Peppers, 479 F.2d at 83-84.

In this case, the face of Plaintiff's Complaint reveals that the statute of limitations almost certainly bars his claim before either board. The Complaint's supporting documents show that the Army discharged Plaintiff on February 26, 1957. (Docket Entry 2, Ex. A at 1.) A servicemember must bring a claim before the ADRB within fifteen years of the date of discharge. 10 U.S.C. § 1553(a). Plaintiff's Application for Correction of Military Record (attached to his Complaint) indicates that he applied to review his discharge on September 9, 2013 (Docket Entry 2, Ex. B at 2), fifty-six years later. Similarly, a servicemember must request correction with the ABCMR "within three years after he discovers the error or injustice." 10 U.S.C. § 1552(b). The ABCMR "may excuse a failure to file within three years after discovery if it finds it to be in the interest of justice." Id.; see also 32 C.F.R. 581.3(b)(4)(v). Plaintiff's Application indicates that he discovered the alleged error or injustice on March 17, 1959, fifty-four years before the instant request for review. (Docket Entry 2, Ex. B at 2.) Although the courts have not defined "in the interest of justice," 10 U.S.C. § 1552(b), in practice the ABCMR has considered both the servicemember's reasons for delay as well as the merits of the claim. Dickson v. Secretary of Def., 68 F.3d 1396, 1405 n.12 (D.C. Cir. 1995).

Plaintiff's Complaint does not set forth specific reasons to support a waiver of the three-year statute of limitations for ABCMR

claims.  (See Docket Entry 2 at 1-4.)  In response to a query regarding such waiver, Plaintiff's Application states only, "I have filed [a]pplications, and petitions in different courts, from the Army Broad [sic] of Inquiry, U.S. District Court, the U.S. Supreme Court, and years of back and forth communication with the Army." (Docket Entry 2, Ex. B at 2.)  Although Plaintiff asserts he has expended considerable effort in recent years to challenge his discharge, his claim languished for decades.  (See Docket Entry 2 at 2.)  In a case considered by the Second Circuit, a servicemember's "dilatory pursuit" of relief - as demonstrated by twelve years of inaction - convinced the court that the Air Force Board for the Correction of Military Records did not abuse its discretion in denying relief.  See Boruski v. United States Gov't, 493 F.2d 301, 304 (2d Cir. 1974).  Further, Plaintiff's claim does not appear strong on the merits, considering that the Army declined to consider a similar discharge-upgrade claim by Plaintiff in 2009 because Plaintiff's military records were destroyed in the 1973 National Personnel Records Center fire and Plaintiff could not produce copies of such records.  (See Docket Entry 2, Ex. D at 1

(letter from Army Review Boards Agency to Plaintiff dated February 19, 2009).)[4] In sum, given that over fifty years have passed since Plaintiff's discharge and his alleged discovery of the error, the statute of limitations would bar a claim through the ADRB and almost certainly foreclose review by the ABCMR.

Moreover, a servicemember cannot obtain judicial review of a discharge without first exhausting administrative remedies. See Guerra v. Scruggs, 942 F.2d 270, 276 (4th Cir. 1991). In the instant case, Plaintiff has provided his Application for Correction of Military Record dated September 9, 2013 (Docket Entry 2, Ex. B at 1), and Plaintiff has not alleged that such recently commenced administrative process has concluded (see Docket Entry 2 at 1-4). Regardless, the Army informed Plaintiff in 2009 that it cannot process his request for a discharge update unless he can produce his military records. (See Docket Entry 2, Ex. D at 1.) The Complaint confirms that Plaintiff does not have such records. (See

---

[4] To the extent Plaintiff would assert that the records center fire caused his delay, Plaintiff knew of the alleged error for over a decade before the 1973 fire. (See Docket Entry 2, Ex. D, at 1.) The D.C. Circuit found a similar argument about records destroyed in the same fire unpersuasive because the statute of limitations had expired before the fire. See Payne v. Brownlee, No. Civ.A.04-2175(RCL), 2006 WL 785296, at *2-3 (D.C. Cir. Mar. 24, 2006) (unpublished). Nor does the military bear an absolute obligation to produce such records. See, e.g., Cromer v. Nicholson, 455 F.3d 1346, 1351 (Fed. Cir. 2006) (ruling that Department of Veterans Affairs only had to "make reasonable efforts" to locate claimant's records destroyed in same 1973 fire).

Docket Entry 2 at 2-3.) Thus, Plaintiff has not exhausted administrative remedies and, further, no complete record exists for this Court to review.

As a final matter, to the extent Plaintiff's Complaint asserts a <u>Bivens</u> action against Captain Pulson for race discrimination (<u>see id.</u> at 2; Docket Entry 2, Att. 1 at 3), the <u>Feres</u> doctrine would bar such a claim. <u>See</u> <u>United States v. Stanley</u>, 483 U.S. 669, 684 (1987) ("We hold that no *Bivens* remedy is available for injuries that 'arise out of or are in the course of activity incident to [military] service'" (quoting <u>Feres v. United States</u>, 340 U.S. 135, 145 (1950))); <u>Chappell v. Wallace</u>, 462 U.S. 296, 297, 305 (1983) (ruling that Navy enlisted men could not bring *Bivens* action against superior officers for race discrimination). Given that over fifty years have passed, the three-year statute of limitations would also foreclose such a claim. <u>See</u> <u>Reinbold v. Evers</u>, 187 F.3d 348, 359 n.10 (4th Cir. 1999) (noting that forum state's statute of limitations for personal injury claims applies in <u>Bivens</u> actions); N.C. Gen. Stat. § 1-52(5) (setting North Carolina's statute of limitations for personal injury at three years).

CONCLUSION

Plaintiff's Complaint fails to state a claim.

**IT IS THEREFORE ORDERED** that Plaintiff's Application for Leave to Proceed In Forma Pauperis and Affidavit/Declaration in Support (Docket Entry 1) is **GRANTED FOR THE LIMITED PURPOSE OF ALLOWING THE COURT TO CONSIDER A RECOMMENDATION OF DISMISSAL.**

**IT IS RECOMMENDED** that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

                                                  /s/ L. Patrick Auld
                                                      **L. Patrick Auld**
                                           **United States Magistrate Judge**

October 17, 2013